CASSANDRA HIERONYMOUS *v.* JULIA CHENOWITH.

[Abstract Kentucky Law Reporter, Vol. 7—610.]

**Equity Jurisdiction.**

Equity will not entertain an action to enforce a right where the party has an ample remedy at law; and the fact that such a party has allowed the time to pass for taking an appeal, or failed to file his motion in time to get a new trial, his own laches having caused the injury, affords no reason for appealing to a court of equity.

APPEAL FROM MERCER CIRCUIT COURT.

February 17, 1886.

OPINION BY JUDGE PRYOR:

We can not well see how the appellant can go into a court of equity for the relief sought in this case. The writ of forcible detainer if improperly tried, or tried on a day other than that fixed by the presiding officer, did not take from the appellant the right to demand a new trial or to prosecute an appeal. The remedy was ample at law, whether the contract in regard to the right to the use of the realty was in writing or by parol. That a party in possession under a parol contract, having paid the consideration, will be protected until the consideration is refunded is well settled; but there is no reason for coming into a court of equity to assert such a right. If the party in possession has entered as purchaser by parol and paid for the land in whole or in part, the vendor seeking a rescission must tender or pay back the purchase-money before he will be relieved. Whether his action is at law or equity the

defense may be successfully interposed; if the action at law has ended and the time for appeal passed, or the motion for a new trial too long been delayed, the laches of the appellant has caused the injury, and this affords no reason for going into a court of equity, particularly when made under a system of practice in which all equitable defenses may be made, although the action is at law. The judgment dismissing the petition is *affirmed*.

*P. B. Thompson, for appellant.*

*E. H. Gaither, for appellee.*